**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30026 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00031-JLQ |
| v. | MEMORANDUM[*] |
| JOHN EARL LELAND, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

John Earl Leland appeals from the district court's judgment and challenges

the ten-year supervised release term imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine, in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), (b)(1)(B)(viii), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Leland contends that the district court procedurally erred by failing to calculate the Guidelines range for the supervised release term, and by failing to explain the ten-year term adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1008 (9th Cir. 2010), and hold that there is none. Even if the court erred, there is no reasonable probability that it would have imposed a different term absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). The court considered the parties' joint recommendation for a five-year supervised term, which is the high end of the Guidelines range, and concluded that it was insufficient. It is clear from the record that the court believed that a ten-year term was necessary in light of Leland's lengthy criminal history. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation can be inferred from the record).

Leland also contends that the ten-year term of supervised release is substantively unreasonable. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The supervised release term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and

the totality of the circumstances, including Leland's criminal record.  *See Gall*, 552

U.S. at 51.

**AFFIRMED.**